IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| MARS, INCORPORATED,<br><br>    *Plaintiff*,<br>v.<br><br>FACTORY MUTUAL INSURANCE<br>COMPANY, D/B/A FM GLOBAL,<br><br>    *Defendant*. | Case No. 1:22-cv-626 (PTG/JFA)<br>Hon. Patricia Tolliver Giles |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff Mars, Incorporated's Motion to Reconsider the Court's October 6, 2022 Order Dismissing Plaintiff's Complaint Under Rule 59(e) and Certify Question of Virginia Law to the Virginia Supreme Court ("Instant Motion" or "Motion for Reconsideration"). Dkt. 34.

On June 1, 2022, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Virginia, seeking declaratory relief against its insurer, Factory Mutual Insurance Company ("Defendant" or "FM Global"). Dkt. 1. More specifically, Plaintiff sought a declaratory judgment that its properties suffered "physical loss or damage" due to the presence of COVID-19. *Id.* On July 28, 2022, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 17. Defendant argued Plaintiff failed to state a claim under which relief could be granted because (1) it could not show "physical loss or damage" to its insured properties; (2) the relevant policy's Contamination, Loss of Use, and Law or Ordinance Exclusions barred Plaintiff's claim for coverage; and (3) Mars' claim for coverage under Communicable Disease Provisions were premature because it had not provided evidence to FM Global such that

it could adjust the claim. Dkt. 19-1 at 6–7, 29.

On October 6, 2022, the Court granted Defendant's Motion to Dismiss following oral argument, finding that Plaintiff failed to state a plausible claim for relief, primarily because the overwhelming majority of authority on the subject indicates COVID-19 does not cause material harm or destruction, and thus Plaintiff failed to demonstrate COVID-19 can cause "physical loss or damage." *See* Dkt. 32 ("October 6, 2022 Order"); *see also* Dkt. 39 at 24. The Court dismissed the action. On November 2, 2022, Plaintiff filed the Instant Motion, seeking reconsideration of the Court's October 6, 2022 Order and certification to the Virginia Supreme Court. Dkt. 34. More specifically, Plaintiff requests that the Court vacate its October 6, 2022 Order, and certify the following question of law to the Virginia Supreme Court:

> When a first-party, all-risk property insurance policy covers "all risks of physical loss or damage" to insured property from any cause unless excluded, is coverage triggered when a toxic, noxious, or hazardous substance—such as SARS-CoV-2 or COVID-19—that is physically present in the indoor air or on the surfaces of that property damages the property or causes loss, either in whole or in part, of the functional use of the property?

Dkt. 35 at 2. The Court has reviewed the parties' memoranda and this case is ripe for disposition.

### I. Motion for Reconsideration

The Fourth Circuit has recognized three situations in which it is appropriate to amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial;[1] or (3) to correct a clear error of law or prevent manifest injustice.'" *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l*

---

[1] Given the posture of this case, this ground—new evidence not available at trial—is not at issue.

2

*Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998)). Motions for reconsideration under Rule 59(e) "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (internal quotation marks and citation omitted). Reconsideration is an "extraordinary remedy," that should only be used "sparingly." *Id.* Mere disagreement is insufficient to sustain a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

In its Motion, Plaintiff asserts "[f]ailing to consider certification was a clear error of law warranting relief under Rule 59(e)."[2] Dkt. 35 at 7. Plaintiff emphasizes that this Court "should have considered certification instead of opting to adopt the interpretation of the Fourth Circuit from a case applying a *different* state's law." *Id.* at 8 (emphasis in original). Additionally, Plaintiff criticizes this Court for reliance on Fourth Circuit precedent, *Uncork & Create LLC v. Cincinnati Ins. Co.*, 27 F.4th 926, 933 (4th Cir. 2022), because that case relies on West Virginia law. *Id.* This position seems ironic, as Plaintiff asks this Court to follow district court cases that rely on Maryland and South Carolina law. *Id.* at 1 n.1 (citing *Tapestry Inc. v. Factory Mutual Insurance Company*, 599 F.Supp.3d 331 (D. Md. 2022) and *Sullivan Mgmt., LLC v. Fireman's Fund Ins. Co.*, 879 S.E.2d 742, 746 (S.C. 2022), *reh'g denied* (Nov. 17, 2022). Even further, Plaintiff offers no assertion that West Virginia and Virginia law differ significantly on the relevant issues.

As an initial matter, the Court notes that at no point in Plaintiff's briefing or during oral argument at the October 6, 2022 hearing did Plaintiff request that this Court certify the posed question to the Virginia Supreme Court. Additionally, Plaintiff cites no authority indicating that

---

[2] Plaintiff also asserts "[f]ailing to adhere to controlling precedent can support relief under Rule 59(e)." Dkt. 35 at 5 (citing *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). However, Plaintiff offers no argument as to what "controlling precedent" exists on this subject.

3

a court commits a clear error of law when it does not *sua sponte* certify a question to a state's highest court. Plaintiff further argues that failing to certify was "clear error given the disagreement among federal courts in Virginia on the issue of 'physical loss or damage' with respect to COVID-19." Dkt. 35 at 7. In support of its assertion of "disagreement among federal courts," Plaintiff cites *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 506 F. Supp. 3d 360, 369 (E.D. Va. 2020) as a case that "more faithfully hews to Virginia principles of insurance policy interpretation." *Id.* at 7. The Court disagrees.

The Fourth Circuit has affirmed decisions in West Virginia, Maryland, and North Carolina district courts holding that as a matter of law, the coronavirus does not cause "physical loss or damage." *See, e.g., Uncork & Create*, 27 F.4th at 932–34 ("neither the closure order nor the COVID-19 virus caused present or impending material destruction or material harm that physically altered the covered property requiring repairs or replacement so that they could be used as intended"); *Cordish Cos., Inc. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977, 1000 (D. Md. 2021), *aff'd*, 2022 WL 1114373 (4th Cir. Apr. 14, 2022) (finding no reversible error and affirming district court decision holding losses due to COVID-19 did not constitute direct physical loss or damage); *Bel Air Auto Auction, Inc. v. Great N. Ins. Co.*, 534 F.Supp.3d 492, *aff'd*, 2022 WL 2128586 (4th Cir. June 14, 2022) (same). While those decisions are not binding, the Court finds those Fourth Circuit decisions persuasive. Moreover, as stated at the October 6, 2022 hearing, the Virginia Supreme Court had the opportunity to address this issue and declined. *See Crescent Hotels & Resorts, LLC v. Zurich American Insurance Company*, No. 2021-02974 (Va. Cir. Ct. July 2, 2021) (finding no reversible error and affirming Fairfax Circuit Court decision indicating the term "physical loss or damage" is not an ambiguous term, and the presence of a virus did not amount to such).

Plaintiff further argues that not certifying the question "was also clear error in light of the significance of this issue to this case and to this state's policyholders and insurers." Dkt. 35 at 8. Plaintiff again offers no authority to support this proposition. In sum, Plaintiff fails to present an intervening change in controlling law, clear error of law, or manifest injustice present in this case. For the reasons stated above, the Court finds Plaintiff failed to establish it is entitled to the "extraordinary remedy" provided by Rule 59(e). Accordingly, Plaintiff's Motion for Reconsideration is denied.

## II. Motion for Certification

Under Rule 5:40 of the Rules of the Supreme Court of Virginia, a district judge may certify a question of Virginia law, so long as that question "is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of [the Supreme Court of Virginia] or the Court of Appeals of Virginia." Va. Sup. Ct. R. 5:40(a). The decision to certify remains entirely within the district court's discretion, *see Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974), and the district court should only certify "if the available state law is clearly insufficient." *Sams v. Armor Corr. Health Services, Inc.*, No. 3:19-CV-639, 2020 WL 5835310, at *10 (E.D. Va. Sept. 30, 2020). "As a part of this discretion, the district court considers not only the 'imposition on the time and resources of the Supreme Court of Virginia,' but also the effect on the time and resources of the parties, the protraction of the proceedings, and judicial efficiency." *Burke v. THOR Motor Coach, Inc.*, 113 F. Supp. 3d 863, 866 (E.D. Va. 2015). Plaintiff seeks to certify the following question to the Virginia Supreme Court:

> When a first-party, all-risk property insurance policy covers "all risks of physical loss or damage" to insured property from any cause unless excluded, is coverage triggered when a toxic, noxious, or hazardous substance—such as SARS-CoV-2 or COVID-19—that is physically present in the indoor air or on the surfaces of that

5

property damages the property or causes loss, either in whole or in part, of the functional use of the property?

Dkt. 35 at 5.[6]

Although there is no binding decision of Virginia law that answers the question posed in this case, the Court finds that this question does not merit certification to the Virginia Supreme Court. There is ample state and federal authority to guide the Court's analysis, and the Court did in fact consider the state-law question extensively. *See Sams*, 2020 WL 5835310, at *10–11; *see also Burke*, 113 F.Supp 3d. at 866.

"This Court regularly interprets Virginia law and must 'decide questions of state law, even if difficult and uncertain, when necessary to render judgment.'" *Burke*, 113 F.Supp 3d. at 866 (citing *Legard v. EQT Prod. Co.*, 771 F.Supp.2d 607, 609 (W.D. Va. 2011)). This Court did just that—through guidance from state and federal authority—it analyzed the question of whether SARS-CoV-2 or COVID-19 can constitute physical loss or damage. The answer is that it cannot, and thus the effects of COVID-19 are not covered under policies requiring "physical loss or damage." Additionally, the parties fully briefed the prior Motion to Dismiss based on the Complaint for declaratory judgment action. *See* Dkts. 17, 19, 24–25, 30. Thus, considering both the "imposition on the time and resources of the Supreme Court of Virginia," and "the effect on the time and resources of the parties, the protraction of the proceedings, and judicial efficiency," leads the Court to denying the request to certify. *See Burke*, 113 F. Supp. 3d at 866.

---

[6] Notably, Plaintiff only requested this relief *after* the Court entered judgment against it. *See Uncork & Create LLC v. Cincinnati Ins. Co.*, No. 2:20-CV-00401, 2021 WL 966886, at *2 (S.D.W. Va. Mar. 15, 2021) (finding that Plaintiff's decision to request certification after the court entered judgment weighed against certification).

property damages the property or causes loss, either in whole or in part, of the functional use of the property?

Dkt. 35 at 5.[6]

Although there is no binding decision of Virginia law that answers the question posed in this case, the Court finds that this question does not merit certification to the Virginia Supreme Court. There is ample state and federal authority to guide the Court's analysis, and the Court did in fact consider the state-law question extensively. *See Sams*, 2020 WL 5835310, at *10–11; *see also Burke*, 113 F.Supp 3d. at 866.

"This Court regularly interprets Virginia law and must 'decide questions of state law, even if difficult and uncertain, when necessary to render judgment.'" *Burke*, 113 F.Supp 3d. at 866 (citing *Legard v. EQT Prod. Co.*, 771 F.Supp.2d 607, 609 (W.D. Va. 2011)). This Court did just that—through guidance from state and federal authority—it analyzed the question of whether SARS-CoV-2 or COVID-19, can constitute physical loss or damage. The answer is that it cannot, and thus the effects of COVID-19 are not covered under policies requiring "physical loss or damage." Additionally, the parties fully briefed the prior Motion to Dismiss based on the Complaint for declaratory judgment action. *See* Dkts. 17, 19, 24–25, 30. Thus, considering both the "imposition on the time and resources of the Supreme Court of Virginia," and "the effect on the time and resources of the parties, the protraction of the proceedings, and judicial efficiency," leads the Court to denying the request to certify. *See Burke*, 113 F. Supp. 3d at 866.

---

[6] Notably, Plaintiff only requested this relief *after* the Court entered judgment against it. *See Uncork & Create LLC v. Cincinnati Ins. Co.*, No. 2:20-CV-00401, 2021 WL 966886, at *2 (S.D.W. Va. Mar. 15, 2021) (finding that Plaintiff's decision to request certification after the court entered judgment weighed against certification).

6

For the foregoing reasons, Plaintiff's Motion to Reconsider the Court's October 6, 2022 Order Dismissing Plaintiff's Complaint Under Rule 59(e) and Certify Question of Virginia Law to the Virginia Supreme Court (Dkt. 34) is **DENIED**.

It is **SO ORDERED**.

March 10, 2023
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

7